## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SERGIO VEGA and ANNETTE RODRIGUEZ,

                  Plaintiffs,

      v.

ERICA MUNOZ; PINCHE VEGANA, LLC;
PINCHE VEGANA INC.; and DOES 1-10,

            Defendants.

CASE NO.:

**COMPLAINT**

## COMPLAINT

Plaintiffs Sergio Vega and Annette Rodriguez, by and through their undersigned counsel, as and for their Complaint, allege as follows:

## NATURE OF THE ACTION

1.　　This is an action for trademark infringement of plaintiffs' PINCHE VEGANO and PINCHE VEGANA trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trademark infringement and unfair competition in violation of the common law of the state of New York.

## JURISDICTION AND VENUE

2.　　This Court has jurisdiction over the federal claims under 15 U.S.C. §1121, and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a) because those claims derive from a common nucleus of operative facts.

3.      This Court has personal jurisdiction over defendants because each defendant does business in and or transacts business in the state of New York, and purposefully directed and expressly aimed its tortious activities at the state of New York, and in this District.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) a substantial part of the events giving rise to this claim occurred in this district and that Defendants reside and/or transact business and/or do business within this district and/or in the state of New York.

## THE PARTIES

5.      Plaintiff Sergio Vega is an individual and resident of the state of New York, county of New York.

6.      Plaintiff Annette Rodriguez is an individual and resident of the state of New York, county of New York.

7.      Sergio Vega and Annette Rodriguez are life partners and the co-owners of the PINCHE VEGANO trademark and PINCHE VEGANA trademark set forth herein.

8.      Upon information and belief, defendant Erica Munoz is an individual who resides or transacts business in this District, has personally engaged in and participated in, and/or has directed, approved, or controlled the unlawful acts set forth herein.

9.      Upon information and belief, defendant Pinche Vegana, LLC is an entity of unknown origin with its principal place of business located at 2851 48th Street, Astoria, New York 11103. Ms. Munoz holds herself out as the Managing Member of defendant Pinche Vegana, LLC.

10.     Upon information and belief, defendant Pinche Vegana Inc. is a corporation organized and existing under the laws of the state of New York with its principal place of business located at 2851 48th Street, Astoria, New York 11103.

11.     Plaintiffs sue Does 1 through 10, inclusive, herein under fictitious names.  Plaintiffs do

not know their true names and capacities.  When Plaintiffs ascertains the Doe defendants' true names and capacities, they will amend this Complaint by inserting their true names and capacities.  Upon information and belief, each defendant named herein as a Doe acted with the other defendants and is responsible for the damages to plaintiffs herein alleged.  Each reference in this Complaint to defendants, or to any of them, also refers to all defendants sued under fictitious names.

12.     At all relevant times mentioned herein, each Defendant including Does 1-10 acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venturer of the other Defendants, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the conspiracy or joint venture.  Each of the Defendants' acts alleged herein was done with the permission and consent of each of the other Defendants.

## FACTUAL BACKGROUND

13.     Plaintiff Sergio Vega has had a storied career in the music industry as a songwriter and bass player.  Mr. Vega is the former bassist for the Deftones, a hugely successful metal rock band that has sold over 10 million albums worldwide including three albums certified platinum by the Recording Industry of America (RIAA) for exceeding one million copies sold, and one release certified gold by the RIAA for exceeding 500,000 copies sold.  Furthermore, Mr. Vega is a founding member of the legendary American post-hardcore band Quicksand.

14.     In addition to being a renowned musician, Mr. Vega has been a devoted vegan for the past 35 years.  Throughout his career, Mr. Vega has been passionate about veganism and sought to promote the wide-ranging health benefits of this plant-based diet.

15.     Because of Mr. Vega's extraordinarily successful music career, he has regularly been on tour, which afforded him the unique and tremendous opportunity to explore vegan restaurants and various iterations of vegan foods throughout the world.

16.     In or about 2018, Mr. Vega and Ms. Rodriguez decided to turn Mr. Vega's passion for vegan food, restaurants, and veganism, coupled with his unique exposure to vegan food from around the world, into a business.

17.     To this end, they created an online media, which provides commentary and critiques of vegan restaurants and foods throughout the world under the name Pinche Vegano (the "**PINCHE VEGANO Mark**"), which means "lousy vegan" in Spanish.  In addition to providing commentary about vegan restaurants and foods, also in 2018, Plaintiffs began publicizing vegan Mexican food recipes under the PINCHE VEGANO Mark.  Ms. Rodriguez, who grew up in Mexico, has a wealth of knowledge about unique Mexican cooking traditions and practices, which she has applied to vegan dishes.  Plaintiffs have since expanded this area of commentary to include other cuisines from other parts of the world under the PINCHE VEGANO Mark.

18.     In connection with the foregoing, in 2018, Plaintiffs created social media accounts on Instagram, Twitter (now known as X), and Facebook under the PINCHE VEGANO Mark using the name "pinche_vegano".  Plaintiffs have since added TikTok to their social media under the PINCHE VEGANO Mark also using the name "pinche_vegano."

19.     Both Mr. Vega and Ms. Rodriguez had been active on social media for years before starting this business venture.  Indeed, Mr. Vega was a member of the Deftones for 12 years, with a social media following of more than 1 million.  Moreover, Ms. Rodriguez has been a highly sought after international cosplayer, costume designer, and music photographer, and had a considerable social media following of more than 100,000 followers.

20.     Due to plaintiffs' vast social media presence, and Mr. Vega's credibility garnered by decades as an accomplished musician, Plaintiffs became nearly instant influencers of vegan food.

21.     In fact, by 2019, the venture had become so popular that Mr. Vega and Ms. Rodriguez began selling promotional merchandise, including t-shirts, under the PINCHE VEGANO Mark to promote their vegan food commentary services.

22.     In addition, in 2019, Plaintiffs began using the name Pinche Vegana (the "**PINCHE VEGANA Mark")**—the feminine form of Pinche Vegano in Spanish—on merchandize including t-shirts.

23.     Plaintiffs are the co-owners of the following trademark registrations in the United States of the PINCHE VEGANO Mark (hereafter the "**Pinche Vegano Trademark Registrations**").

| Mark | Reg. No. | Reg. Date | Class Goods/Services |
|------|----------|-----------|----------------------|
| PINCHE VEGANO | 5793270 | July 02, 2019 | International Class 41: Entertainment services in the nature of providing commentary and criticism on vegan eating, vegan food and other vegan products, and on vegan artists |
| PINCHE VEGANO | 6219764 | December 15, 2020 | International Class 25: Apparel, namely, T-shirts, sweatshirts, hooded sweatshirts, baseball caps and hats; All of the foregoing are made of animal free fabric and contain non animal products or by-products |

24.     The Pinche Vegano Trademark Registrations are valid, subsisting, and in full force and effect.

25.     Plaintiffs have extensively marketed and promoted the PINCHE VEGANO Mark in connection with their goods and services and have invested significant time, money, and labor in developing significant goodwill in the PINCHE VEGANO Mark and the goods and services sold and marketed under the mark.  Plaintiffs' PINCHE VEGANO Mark operates as a distinctive source identifier uniquely associated with Plaintiffs and their goods and services.

26.     Plaintiff's PINCHE VEGANO Mark possess significant goodwill of great value to Plaintiffs.

27.     Most recently, Mr. Vega and Ms. Rodriguez signed a book deal and are currently in the process of writing a vegan cookbook under the PINCHE VEGANO Mark.  In connection therewith, in January 2024, they filed with the United States Patent and Trademark Office an application with Serial Number 98377421, to register the PINCHE VEGANO Mark in Class 16 for cookbooks with an intent to use filing basis.  Additionally, Plaintiffs plan to promote the cookbook and the PINCHE VEGANO Mark by among other means, through events at restaurants in New York City where Plaintiffs will provide to consumers vegan food dishes from their cookbook.

### DEFENDANTS' TRADEMARK INFRINGEMENT

28.     After Plaintiffs' acquired the protectible exclusive rights to the PINCHE VEGANO Mark, and without Plaintiffs' authorization or permission, Defendants started doing business under the name Pinche Vegana and using the mark Pinche Vegana (the "**Infringing Mark**") in connection with the sale of vegan Mexican food.

29.     The Infringing Mark is identical to the PINCHE VEGANA Mark and substantially similar to the PINCHE VEGANO Mark.  The marks use the arbitrary word "Pinche" related to vegan food and in connection with apparel.

6

30.     Moreover, with respect to the Infringing Mark and the PINCHE VEGANO Mark, phonetically and visually, the marks are virtually indistinguishable.  There is only a single vowel differentiating the marks at the end of the second word.  The two marks also mean the same thing in Spanish.  The sole difference is the PINCHE VEGANO Mark uses the masculine form of the word "vegan" i.e., "VEGANO", whereas the Infringing Mark uses the feminine form of the word "vegan" i.e., "VEGANA." Inserted herein after paragraph 30 are true and correct screenshots from the Plaintiffs' Pinche Vegano Instagram page from 2018, a Pinche Vegano logo from 2018, and true and correct screenshots from Defendants' Instagram and Defendants' website www.pinchevegana.com.

### *PINCHE VEGANO MARK*





https://www.facebook.com/photo/?fbid=611360192615024&set=a.587519589743648

## *THE INFRINGING MARK*



### *THE INFRINGING MARK*



https://pinchevegana.com/

31.     Upon information and belief, Defendants have also been selling sell t-shirts and other apparel using the Infringing Mark, which is the same class of goods for which Plaintiffs hold one of the Pinche Vegano Trademark Registrations.  Inserted herein after paragraph 31 are true and correct screenshots from the Plaintiffs' Pinche Vegano Facebook and Instagram pages from 2019 and true and correct screenshots from Defendants' Instagram pages from 2023 and photographic images that Ms. Munoz submitted to the USPTO in support of her trademark application for use of the Infringing Mark on apparel.

## *PINCHE VEGANO MARK*



https://www.facebook.com/pincheveganomxpr/posts/pinche-vegano-merchandise-is-herehttpspincheveganomerchdirectcomwere-so-happy-to/702739026810473/



https://www.facebook.com/story.php?story_fbid=701459926938383&id=466799050404473&m

10

### *PINCHE VEGANO MARK*

### *PINCHE VEGANO MARK &*
### *PINCHE VEGANA MARK*





https://www.facebook.com/pinchevaganomxpr/photos/a.6
12448799172830/700255017058874/?type=3&mibextid=
cR73hXibextid=cR73hX

### *THE INFRINGING MARK*

### *THE INFRINGING MARK*





https://www.instagram.com/reel/Cz4_AlatE-8/

### *THE INFRINGING MARK*



https://www.instagram.com/reel/CztTFcOrzmq/

32.     Moreover, Defendants' use of the Infringing Mark in connection with restaurant services is likely to cause confusion, mistake, or deception among members of the consuming public as to the source of Defendants' products.  Both Plaintiffs and Defendants appeal to and market to the same class of consumers—vegans concerning vegan food products through the same trade channels.  Under the PINCHE VEGANO Mark, Plaintiffs provide commentary and criticism about vegan food and promote vegan restaurants worldwide with links to the restaurants where the vegan food may be ordered.  Upon information and belief, under the Infringing Mark, Defendants are selling Mexican vegan food online at,

among other websites, www.pinchevegana.com, in pop-up restaurants including in New York City where Plaintiffs reside, and on a food truck in New York City, among other cities in the United States.

33.     Consumers are likely to draw the false impression, and reach the mistaken conclusion, that Defendants' products and services originate with, or are authorized or sponsored by Plaintiffs, or are somehow connected with Plaintiffs and their products and services.  Inserted herein after paragraph 33 are true and correct screenshots from the Pinche Vegano Instagram page from 2023, together with the Defendants' Instagram page and Defendants' website www.pinchevegana.com from 2024.

<table>
<tr><td align="center"><strong><em>PINCHE VEGANO MARK</em></strong></td><td align="center"><strong><em>PINCHE VEGANO MARK</em></strong></td></tr>
</table>





https://www.instagram.com/reel/C2gWjZRrCKy/

https://www.instagram.com/reel/C2gWjZRrCKy/

### *THE INFRINGING MARK*



https://pinchevegana.com/collections/pinche-vegana-favorites


### *THE INFRINGING MARK*





https://pinchevegana.com/collections/pinche-vegana-favorites/products/elote-gf

### *THE INFRINGING MARK*



https://www.instagram.com/reel/CzxjHuuNeyH/

15

34.     Upon information and belief, Defendants' adoption and use of the Infringing Mark was willful and represents a deliberate attempt to trade on Plaintiffs' reputation and to infringe Plaintiffs' trademark rights.

35.     Plaintiffs have notified Defendants that their use of the Pinche Vegana name and mark infringes upon Plaintiffs' superior trademark rights and has demanded that Defendants cease and desist from any further use of such designations.  Despite such notice, and with full awareness of Plaintiffs' superior rights, Defendants continue to use the Pinche Vegana name and mark in willful violation of Plaintiffs' trademark rights.

36.     Defendants' actions have caused, and will continue to cause, irreparable harm to Plaintiffs unless enjoined and have also resulted in financial damages suffered by Plaintiffs from Defendants' infringing use.  Unless enjoined, Defendants' actions will cause further confusion, mistake, and deception among the consuming public, injure the goodwill associated with the PINCHE VEGANO Mark and the PINCHE VEGANA Mark, and cause Plaintiffs to suffer additional damages and otherwise cause irreparable injury to Plaintiffs.  There is no adequate remedy at law.

## FIRST CAUSE OF ACTION
### (Federal Trademark Infringement – 15 U.S.C. § 1114(1))

37.     Plaintiffs repeat and re-allege paragraphs 1-36 above as though fully set forth in this cause of action.

38.     Plaintiffs are the owners of the PINCHE VEGANO Mark.

39.     Defendants' use in commerce of the Infringing Mark in connection with Defendants' infringing goods and services constitutes trademark infringement of Plaintiffs' Pinche Vegano Mark Registration pursuant to 15 U.S.C. § 1114(1).

40.     Defendants' use in commerce of the Infringing Mark in connection with their infringing goods and services is likely to cause confusion or mistake, or to deceive consumers of Defendants'

infringing goods and services and Plaintiffs' Goods and Services to erroneously believe that Defendants' infringing goods and services originate from the same source as Plaintiffs' Goods and or Services, or are otherwise affiliated, connected, or associated with Plaintiffs, or sponsored or approved by Plaintiffs, when in fact they are not.

41.     On information and belief, Defendants have knowingly, willfully, and intentionally infringed Plaintiffs' trademark rights by deliberately exploiting the substantial goodwill associated with Plaintiffs' Pinche Vegano Trademark Registrations.

42.     Upon information and belief, the acts of defendant Pinche Vegana LLC and Pinche Vegana Inc. were done with the full knowledge of Ms. Munoz, who authorized, directed, approved, or participated in such acts.

43.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs and their goodwill and reputation associated with Plaintiffs' Pinche Vegano Trademark Registrations, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

44.     Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages in an amount to be determined at trial, three times the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, reasonable attorney's fees, and costs of the actions under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CAUSE OF ACTION
### (Federal Unfair Competition – 15 U.S.C. § 1125(a))

45.     Plaintiffs repeat and re-allege paragraphs 1-36 above as though fully set forth in this cause of action.

46.     Defendants' use in commerce of the Infringing Mark in connection with the infringing

goods and services constitutes trademark infringement of Plaintiffs' rights in the PINCHE VEGANO Mark and the PINCHE VEGANA Mark and unfair competition pursuant to 15 U.S.C. § 1125(a).

47.     The Infringing Mark is identical to the PINCHE VEGANA Mark and substantially similar to the PINCHE VEGANO Mark.

48.     Defendants' infringing goods and services are the same, or substantially similar to, and/or related to Plaintiffs' Goods and Services.

49.     Defendants' use in commerce of the Infringing Mark in connection with their infringing goods and services is likely to cause confusion or mistake, or to deceive consumers of Defendants' infringing goods and services and Plaintiffs' Goods and Services to erroneously believe that Defendants' infringing goods and services originate from the same source as Plaintiffs' Goods and or Services, or are otherwise affiliated, connected, or associated with Plaintiffs, or sponsored or approved by Plaintiffs, when in fact they are not.

50.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs and their good will and reputation associated with Plaintiffs' Pinche Vegano Trademark Registrations, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

51.     Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages in an amount to be determined at trial, three times the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, reasonable attorney's fees, and costs of the actions under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### (New York Statutory Unfair Competition – N.Y. Gen. Bus. Law § 349, et seq.)

52.     Plaintiffs repeat and re-allege paragraphs 1-36 above as though fully set forth in this cause of action.

53.     Defendants have acted out of a dishonest purpose and are making unauthorized commercial uses of the Infringing Mark in a deliberate, willful, intentional, and wrongful attempt to trade on Plaintiffs' goodwill, reputation, and financial investments in the PINCHE VEGANO Mark and the PINCHE VEGANA Mark.

54.     By reason of Defendants' bad faith conduct as alleged herein, Defendants have engaged in unlawful, unfair, and/or fraudulent ongoing business practices in violation of N.Y. Gen. Bus. Law § 349, et seq.

55.     As a direct result of Defendants' unfair competition with regard to the Infringing Mark, Defendants have unlawfully acquired, and continue to acquire on an ongoing basis, an unfair competitive advantage and have engaged in, and continue to engage in, wrongful business conduct to Defendants' monetary advantage and to the detriment of Plaintiffs.

56.     On information and belief, Defendants' conduct as alleged herein has been undertaken willfully, intentionally, and maliciously, and with full knowledge and in conscious disregard of Plaintiffs' rights.

57.     Defendants' illegal and unfair business practices are continuing, and injunctive relief and civil penalty pursuant to N.Y. Gen. Bus. Law § 349 et seq. is necessary to prevent and restrain further violations by Defendants.

## FOURTH CAUSE OF ACTION
**(New York Statutory Unfair Competition – N.Y. Gen. Bus. Law § 350)**

58.     Plaintiffs repeat and re-allege paragraphs 1-36 above as though fully set forth in this cause of action.

59.     Defendants' use of Infringing Mark constitutes deceptive trade practices that tends to deceive or mislead consumers and the trade in violation of the New York Consumer Protection Act, New York Gen. Bus. Law § 350.

60.     Defendants have engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

61.     Defendants' use of the Infringing Mark, described herein, are materially misleading. Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom Defendants have directed their marketing activities, and Plaintiffs have been injured thereby.

62.     By the acts described above, Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of services in violation of Section 350 of the New York General Business Law.

63.     Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and thus damaged in an amount not yet determined.

## FIFTH CAUSE OF ACTION
**(New York Common Law Trademark Infringement)**

64.     Plaintiffs repeat and re-allege paragraphs 1-36 above as though fully set forth in this cause of action.

65.      Plaintiffs' PINCHE VEGANO Mark and PINCHE VEGANA Mark are valid and subsisting trademarks under New York common law.

66.     Plaintiffs' use of the PINCHE VEGANO Mark and PINCHE VEGANA is senior to Defendants' use of the Infringing Mark.

67.     Defendants' continued and unauthorized use of the Infringing Mark constitutes trademark infringement under New York common law and is likely to cause confusion, deception, and mistake among the consuming public as to the source of, and authorization for, Defendants' infringing goods or services sold and/or advertised by Defendants in violation of the common law of the State of New York.

68.     Irreparable harm to Plaintiffs is imminent as a result of Defendants' conduct, and Plaintiffs are without an adequate remedy at law.  Plaintiffs are thus entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from engaging in further such infringing acts.

69.     On information and belief, Defendants' conduct as alleged herein has been undertaken willfully, intentionally, and maliciously, and with full knowledge and in conscious disregard of Plaintiffs' rights.

70.     As a result of Defendants' infringement, Plaintiffs have sustained and continue to sustain damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

71.     As a result of Defendants' infringement, the public has been harmed.

**<u>SIXTH CAUSE OF ACTION</u>**
**(New York Common Law Passing Off, Unfair Competition)**

72.     Plaintiffs repeat and re-allege paragraphs 1-36 above as though fully set forth in this cause of action.

73.     Defendants' conduct as alleged herein constitutes passing off and unfair competition under the common law of the State of New York.

74.     As a direct and proximate result of the foregoing, Defendants have been unjustly

21

enriched at the expense of Plaintiffs.

75.     As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause Plaintiffs irreparable harm for which there is no adequate remedy at law and is also causing damage to Plaintiffs in an amount which cannot be accurately computed at this time but will be proven at trial.

76.     Defendants' actions were undertaken intentionally to obtain an unfair advantage over Plaintiffs and in conscious disregard of Plaintiffs' rights, and were malicious, oppressive, and/or fraudulent.

77.     Plaintiffs request punitive or exemplary damages pursuant to New York Civil Code § 3294(a) in an amount sufficient to punish and deter Defendants and to make an example of them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court grant the following relief:

1.      That Defendants and their agents, servants, representatives, successors and assigns, and all those persons or entities in active concert or participation with any of them who receive actual notice of the injunctive order, be preliminarily and permanently enjoined from using the term PINCHE VEGANA, or any other names, or marks or terms confusingly similar thereto or to Plaintiffs' PINCHE VEGANO Mark or PINCHE VEGANA Mark as a trade name, trademark, service mark or other designation, or committing any other act which falsely represents, or which has the effect of falsely representing, that Defendants' goods or services are licensed, sponsored, authorized or endorsed by or otherwise associated with Plaintiffs, the PINCHE VEGANO Mark, or the PINCHE VEGANA Mark.

2.      That Defendants be directed to account to Plaintiffs for all gains, profits and advantages derived from Defendants' wrongful acts, together with interest thereon.

3.      That Defendants pay Plaintiffs damages sustained by Plaintiffs in an amount to be determined at trial together with interest thereon.

4.      That Defendants be directed to destroy all infringing articles pursuant to 15 U.S.C. § 1118.

5.      That pursuant to 15 U.S.C. § 1117(a), Plaintiffs recover three times the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, for willful infringement.

6.      That Defendants be required to transfer to Plaintiffs the domain name PINCHEVEGANA.COM and any other domain names and social media handles and accounts of any kind comprising or containing the term PINCHE VEGANA, or any other terms confusingly similar thereto or to the PINCHE VEGANO Mark or the PINCHE VEGANA Mark.

7.      That Plaintiffs recover their reasonable attorneys' fees from Defendants, together with costs of this action pursuant to 15 U.S.C. § 1117(a) and or 17 U.S.C. § 505, NY GBL 349, 350, or as otherwise provided by law whether by statute, common law, or the Court's inherent power.

8.      That Plaintiffs have other and further relief as the Court deems equitable, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues triable at law as a matter of right.

Dated: Los Angeles, California        Respectfully submitted,
        March 27, 2024        BLUM LAW FIRM


      /s/ Joshua Blum
      Joshua Blum
      48 Wall Street, 31st Floor
      New York, NY 10005
      Tel: (212) 920-5858
      Email: jblum@blumlaw.co
      *Attorneys for Plaintiffs*
      *Sergio Vega and Annette Rodriguez*